---
BERRY *v* SCOTT.—1827.
---

BERRY *vs.* SCOTT.—June, 1827.

In an action by a physician to recover compensation for his professional services, the defendant cannot avail himself of the provisions of the act of 1821, *ch.* 217, unless the notice required by that act had been given.

The act of 1821, *ch.* 217, which declares, "that from and after the passage of this act, no person or persons not authorised to practice medicine and surgery by the laws of this state, shall have power to recover any fees or other remuneration for medicine given or disposed of, or for any services rendered or performed in the practice of medicine or surgery or both, *provided* that the defendant shall give ten days notice to the plaintiff or his attorney, that he intends to dispute the claim," embraces all cases, where the attempt to recover was subsequent to its passage.

APPEAL from *Prince-George's* County Court. This was an action of *assumpsit* for work and labour, care and diligence, of the plaintiff, (now appellee,) as a physician, performed for the defendant, (the appellant,) on the 25th of November 1821, and a *quantum meruit* for the like services, &c. The writ was issued on the 6th of August 1822. *Non assumpsit* pleaded, and issue joined.

At the trial the plaintiff offered evidence to prove, that he had rendered medical services to the defendant, by visiting and administering medicine to his family, as set forth in the declaration; but produced no evidence that he had practised physic or surgery before the year 1800; or that he had been licensed to practice physic or surgery by the medical or chirurgical faculty of the state of *Maryland*; or that he at the time practised physic or surgery in any other state. Whereupon the defendant prayed the opinion of the court, and their direction to the jury, that from the pleadings and evidence, the plaintiff was not entitled to a verdict, because of the statutory prohibi-

tion of the practice of physic and surgery, for compensation, without a license. But the Court, [Key and Plater, A. J.] refused to give the opinion as prayed. The defendant excepted; and the verdict and judgment being against him, he appealed to this court.

The cause was argued before Buchanan, Ch. J. and Earle, and Martin, J.

J. Johnson, for the Appellant, contended, that the court below erred in refusing the defendant's prayer, as the plaintiff had offered no evidence that he had practised physic or surgery before the year 1800; or that he had a license to practice physic or surgery from the medical and chirurgical faculty of this state; or that he, at the time, practised physic or surgery in any other state. He referred to the acts of 1798, ch. 105, s. 6; 1801, ch. 55, s. 1, 2; 1818, ch. 130, and 1821, ch. 217, which passed on the 19th of February 1822. The People vs Utica Insurance Company, 15 Johns. Rep. 358, 380. 5 Com. Dig. 261. 6 Bac. Ab. tit. Statute, 391. Hallett vs Novion, 14 Johns. Rep. 273, 288. 2 Stark. Evid. 31, 374. Rex vs Smith, 3 Burr. 1475. 1 Stark. Evid. 378.

Stonestreet and J. Forrest, for the Appellee, cited 3 Stark. Evid. 378, 379. Hartwell vs Root, 19 Johns. Rep. 345. Rex vs Rogers, 2 Campb. 654. Jackson vs Shafer, 11 Johns. Rep. 513. The act of 1821, ch. 217. 4 Stark. Evid. 129, 130, (and note.)

Martin, J. delivered the opinion of the Court. We think the act of 1821, ch. 217, conclusive upon this case. By that act it is declared, "that from and after the passage of this act, no person or persons, not authorised to practice medicine and surgery by the laws of this state, &c. shall have power to recover any fees, or other remuneration, for any medicine given or disposed of, or for any services rendered or performed in the practice of medicine or surgery, or both, in any of the courts of law, or before any justice of the peace of this state; Provided that the defendant shall give ten days notice to the plaintiff or his attorney, that he intends to dispute the claim." This act went into operation on the 22d of February 1822, and em-

braced all cases where the attempt to recover was subsequent to that time. The writ in this case issued in August 1822, and the defence set up could not be sustained, unless the notice re-quired by the act had been given.

JUDGMENT AFFIRMED.